NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 15-2662

———————————

GEORGE ANDREW ROSS, SR.; ANGELA ROSS, individually and as
Guardians Ad Litem for infant George Andrews Ross II, an infant,

Appellants

v.

BOARD OF EDUCATION GREATER EGG HARBOR REGIONAL
HIGH SCHOOL DISTRICT; MR. ROCKMAN; MICHAEL WILBRAHAM; BRIANA
FORBEY; DIAMOND PILGRIM; GALLOWAY TOWNSHIP POLICE DEPT.; KEVIN
JORGENSEN; JOHN DOE I THROUGH JOHN DOE XII, Fictitious Names J/S/A;
GREATER EGG HARBOR REGIONAL HIGH SCHOOL DISTRICT;
DONALD PILGRIM; DYNASTY PILGRIM

———————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-06490)
District Judge: Honorable Noel L. Hillman

———————————

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2016

Before: AMBRO, NYGAARD, and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 12, 2016)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

Plaintiffs George Andrew Ross Sr., Angela Ross, and George Andrew Ross II appeal from the District Court's grant of summary judgment in favor of Defendants. For the reasons that follow, we affirm.

**I.**

George Andrew Ross II was a sophomore at Absegami High School in Galloway Township, New Jersey. On the morning of March 30, 2009, Ross got into a physical confrontation with a senior, Donald Pilgrim. Apparently Pilgrim spoke "fighting words" to Ross in a school hallway over Ross's then-girlfriend, Briana Forbey. Pilgrim and Ross began to fight, with Ross claiming that Pilgrim was the initial aggressor. Earnest Rockelman, a teacher, broke up the fight. Ross then left the scene (there is some dispute over whether Rockelman told Ross to stay put) and Michael Wilbraham, a vice-principal, escorted Pilgrim to the principal's office.

Minutes after the first fight, Ross ran into Pilgrim's two sisters, Diamond and Dynasty Pilgrim, in another school hallway. The Pilgrim sisters began to taunt Ross and words escalated to punches. At this point, Donald Pilgrim managed to break free from Wilbraham's grasp and ran toward the scene of the second fight. Donald Pilgrim

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

punched Ross in the face and all three of the Pilgrim siblings proceeded to kick Ross while he was laying on the ground. School staff members, along with Officer Kevin Jorgensen, the school's resource officer, arrived and broke up the second fight. Ross suffered a fractured eye socket and bruises and cuts to his face and body.

The Pilgrims were charged with aggravated assault and harassment. They pleaded guilty and were ordered to pay Ross restitution. Ross was charged with simple assault and disorderly conduct. These charges were dismissed after the school chose not to pursue them. The school suspended all of the students involved in the fight, with Ross serving a nine day out-of-school suspension.

Ross's parents filed suit in state court on their son's behalf, naming as Defendants the Greater Egg Harbor Regional High School District, Rockelman, Wilbraham, and Officer Jorgensen.[1] Defendants removed the case to federal court. After discovery, they moved for summary judgment and the District Court granted the motion. The complaint contained constitutional, contract, and tort claims, but in essence the family alleged that Defendants: (1) negligently failed to protect Ross from the fight; (2) imposed an unjustified school suspension; (3) sought criminal charges against Ross out of malice; and (4) defamed Ross. The District Court found all of these claims meritless and unsupported by the record.

---

[1] The Ross family also named the Pilgrims and Forbey as Defendants. These Defendants did not appear in the litigation and the District Court dismissed without prejudice all claims against them because the Ross family either failed to serve them with a copy of the complaint or failed to prosecute the claims. The family has not challenged this result on appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 218 (3d Cir. 2015) (citation omitted).

## III.

Beginning with the negligence claim, we agree with the District Court that Defendants did not owe Ross a duty of care to protect him from the dangers of a physical altercation with the Pilgrims. The existence of a duty of care under New Jersey law is a question for the court. *Jerkins ex rel. Jerkins v. Anderson*, 922 A.2d 1279, 1284 (N.J. 2007). Educators have a duty to protect "children in their charge from *foreseeable* dangers, whether those dangers arise from the careless acts or intentional transgressions of others." *Id.* at 1285 (quoting *L.W. v. Toms River Reg'l Schs. Bd. of Educ.*, 915 A.2d 535, 550 (N.J. 2007)) (emphasis added) (internal quotation marks omitted). As the Court noted, the danger in this case was not foreseeable to Defendants because Ross had no prior relevant history with the Pilgrims, who had a limited disciplinary record for fighting. The Ross family claims that the first fight should have made the second fight foreseeable. But Ross voluntarily left the scene after the first fight and it is undisputed that Defendants were not present when the second fight started. In these circumstances, the second fight was not a foreseeable consequence of anything Defendants did (or failed to do) that day.

4

We also agree with the District Court that Defendants acted within their discretion in suspending Ross for nine days. Absegami High School had a zero tolerance policy of no physical contact between students, and it is undisputed that Ross violated that policy by fighting with Donald Pilgrim. The family nonetheless claims that the suspension violated a dizzying array of constitutional rights, including the First, Fourth, and Fifth Amendments to the U.S. Constitution and the right to attend public school under the New Jersey Constitution. It is unclear whether each of these constitutional claims was properly presented to the District Court. We are content to say, however, that any claims based on the suspension are unpersuasive because the suspension was justified under school policy and there is no evidence that Defendants failed to follow the state law procedures for imposing a suspension. *See* N.J. Admin. Code § 6A:16-7.2.

Next, we conclude that the District Court was right to deny the malicious-prosecution and abuse-of-process claims related to the criminal charges. Ross was charged with simple assault and disorderly conduct, but the charges were later dismissed. A malicious-prosecution or abuse-of-process claim requires, among other things, that the decision to pursue charges was motivated by malice and that there was an absence of probable cause to prosecute. *LoBiondo v. Schwartz*, 970 A.2d 1007, 1022 (N.J. 2009). The Ross family has failed to produce any evidence of malice, and the undisputed facts support a finding of probable cause because Ross admitted to getting into a fight with Pilgrim.

Finally, summary judgment was warranted on the defamation claim because the family failed to identify the particular statement Defendants made that was allegedly

5

defamatory. *See DeAngelis v. Hill*, 847 A.2d 1261, 1267-68 (N.J. 2004) ("[T]he elements of a defamation claim are: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.") (citation omitted). To the extent the family is arguing that the suspension and criminal charges count as defamatory statements, there is no evidence that Defendants made any false representations in suspending Ross or by initially pursuing criminal charges.[2]

\*   \*   \*   \*   \*

For these reasons, we concur with the well-reasoned decision of the District Court and affirm its judgment.

---

[2] Having concluded that summary judgment was appropriate on all claims, we need not address the remaining arguments on appeal. These include questions of immunity under the New Jersey Tort Claims Act and the School District's liability for the actions of its employees, as well as the availability of economic damages and attorney's fees and costs.